06-490.071-JCD                                                  May 3, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

```
OTTINECE HINES,                      )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )   No. 06 C 490
                                     )
SAVE-A-LOT/SUPERVALU, INC.,          )
                                     )
        Defendant.                   )
```

## MEMORANDUM OPINION

Before the court is the motion of Supervalu, Inc. and Moran Foods, Inc. for summary judgment. For the reasons explained below, the motion of Supervalu, Inc. is granted, and the motion of Moran Foods, Inc. is stricken.

## BACKGROUND

On September 2, 2005, plaintiff Ottinece Hines filed a complaint in the Circuit Court of Cook County seeking damages for a knee injury resulting from a slip and fall. The accident occurred at a Save-A-Lot store at 3939 West Ogden Avenue in Chicago. Plaintiff named "SAVE-A-LOT/SUPERVALU, INC." as the defendant, alleged negligence, and sought damages in excess of $50,000.00.

The case was removed to this court on January 27, 2006 by two entities asserting diversity jurisdiction and calling themselves defendants: Supervalu, Inc. ("Supervalu") and Moran Foods, Inc.

("Moran Foods"). The notice of removal referred to the two entities as "SUPERVALU, INC., a Delaware corporation, and MORAN FOODS, INC., a Missouri corporation, d/b/a SAVE-A-LOT, incorrectly sued herein as SAV-A-LOT/SUPERVALU, INC., a corporation." (Notice of Removal at 2.) The notice also stated that plaintiff had filed the action but had not yet effected service.

We held a Rule 16 conference on May 25, 2006. The parties indicated that the primary issue in the case was going to be whether the grocery store had had notice of the substance on the floor that plaintiff alleges caused her to slip and fall. Our minute order reflecting what was discussed at the conference does mention any issue regarding the proper party defendant. Our order referred to "defendant"--singular--and allowed it fourteen days to file an answer to the complaint.

In June 2006, two answers to the complaint were filed, one by Supervalu and one by Moran Foods. Supervalu denied that it owned or operated the store, but Moran Foods admitted that it "conducted business operations" there. Both Supervalu and Moran Foods raised the defenses of comparative negligence and "known and obvious risk," and Moran Foods also raised a limitations defense. Thereafter, discovery was conducted. In December 2006, Supervalu and Moran Foods filed a motion for summary judgment. The motion is now fully briefed.

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. See Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Talanda v. KFC Nat'l Mgmt. Co., 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." McGrath v. Gillis, 44 F.3d 567, 569 (7th Cir. 1995).

**A.   Supervalu**

Supervalu maintains that summary judgment in its favor should be entered because it did not operate the Save-A-Lot store at 3939 West Ogden Avenue. Attached to Supervalu's motion as Exhibit G is the affidavit of Shad Myers, an assistant claims manager with

Supervalu, who states that Supervalu did not operate the store or employ or pay the salaries of the store's employees at the relevant time.

Plaintiff responds that she "has no documentation to contest the assertion as to defendant Supervalu, Inc." (Pl.'s Resp. to Mot. for Summ. J. at 2.)[1]  Because Supervalu has presented evidence that it does not operate the Save-A-Lot store at which plaintiff alleges she was injured, and plaintiff has not presented any evidence to the contrary, summary judgment in Supervalu's favor will be entered.

**B.  Moran Foods**

Moran Foods admits that it is the entity that operates the Save-A-Lot store, but it contends that summary judgment should be entered in its favor because plaintiff never brought a claim against it within the applicable statute of limitations. Plaintiff's puzzling response is as follows: "The corporate entity Moran Foods, Inc. was not named as a defendant in this cause due to the fact that the Plaintiff was injured at a Save-A-Lot store, and Save-A-Lot is therefore the correct defendant.  Moran Foods admits

---

[1] Moreover, plaintiff failed to file a response to Supervalu's statement of material facts as required by Local Rule 56.1.  Pursuant to Local Rule 56.1(b)(3)(C), all facts set forth in Supervalu's statement are deemed admitted because plaintiff has failed to properly controvert them, but in any event plaintiff expressly admits those facts by stating in her response brief: "The Plaintiff believes the description of parties, facts supporting venue and jurisdiction, description of the pleadings, description of the factual manner in which the occurrence took place and summarization of the testimony of the Plaintiff and deposed witnesses to be essentially correct." (Pl's Resp. to Mot. for Summ. J. at 1.)

that it conducts business as Save-A-Lot. The statute of limitations issue would seem to be a non-issue as to this defendant." (Pl.'s Resp. to Mot. for Summ J. at 2.)

Plaintiff's argument ignores that Moran Foods has never been named as a defendant to this case and was never served with the complaint. Moran Foods has not become a party to the case simply because it joined in with Supervalu's notice of removal,[2] or because an appearance has been filed by its attorneys, or because it has filed an answer and briefs. Why, as a non-party, Moran Foods has chosen to attempt to participate in the case, or why it sometimes refers to itself as a "defendant," is a mystery to us. Under the local rules of the Northern District of Illinois, non-parties are not permitted to file documents without prior leave of court. Local Rule 5.6 provides: "No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court. Absent such an order, the clerk shall not accept any document tendered by a person who is not a party. Should any such document be accepted inadvertently or by mistake in the absence of such an order, it may be stricken by the court on its own motion and without notice." Because Moran Foods made all of its filings without the court's approval, they will all be stricken.

---

[2] 28 U.S.C. § 1446 provides for removal of actions from state court by *defendants* and no one else.

Despite being on notice of an issue concerning the proper defendant as early as January 2006, when the case was removed, plaintiff has never sought to amend the complaint. She does not currently seek to amend the complaint and to this date appears to believe that there is no problem. The fact that the store where plaintiff claims to have been injured was called "Save-A-Lot" does not signify the identity of the proper defendant. "Save-A-Lot" is an assumed name under which Moran Foods does business. It was the responsibility of plaintiff's counsel to determine the proper party to sue and to do so before the statute of limitations expired.[3] (The slip and fall took place on September 3, 2003, and the complaint was filed on September 2, 2005, one day before Illinois's two-year statute of limitations expired.)

Unfortunately for plaintiff, because Supervalu does not operate the Save-A-Lot store and because Moran Foods was never named as a defendant, our disposition of the instant motions for summary judgment--granting Supervalu's motion and striking all of Moran Foods' filings--will terminate the case.

## **CONCLUSION**

The motion of Moran Foods, Inc. for summary judgment, as well as all of the filings by Moran Foods, Inc. in this case, are stricken because Moran Foods, Inc. is not a party to this case.

---

[3] See Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 596 (7th Cir. 2006).

The motion of Supervalu, Inc. for summary judgment is granted.  The case is terminated.

DATE:     May 3, 2007

ENTER:    _____
          John F. Grady, United States District Judge